Scott, C.J.
The plaintiff in error was prosecuted before the mayor of the village of McConnellsville, for the violation of the 2d section of an ordinance of said village “ to restrain and prohibit ale, beer, and porter-houses and shops, and houses and places of habitual resort for tippling and intemperance,” passed by the village council in September, 1869.
That section of the ordinance reads as follows :
“ Be it further ordained, that it shall be unlawful for any person or persons to keep, within the said incorporated village of McConnellsville, a house, shop, room, booth, arbor, cellar, or place, where ale, porter or beer is habitually sold or furnished to be drank, in, upon, or about the house, shop, room, booth, arbor, cellar, or place where so sold or furnished.”
The charge in this case was for keeping “ a room within said village, where ale, porter, and beer were and have been furnished and sold,” etc.
The plaintiff in error entered a plea of “ guilty ” to the charge; and was thereupon sentenced by the mayor to pay a fine, and to be imprisoned for three days.
A writ of error was thereupon allowed, returnable to the court of common pleas of Morgan county.
The only error assigned in that court was that the ordinance under which the prosecution was had “ is in conflict with the statutes of the State, and not authorized thereby, and is therefore void.”
*313 The court held the ordinance valid, and affirmed the judgment of the mayor; and the question hero is whether, in so doing, the court of common pleas erred.
By the “ towns and cities ” act of May 8, 1852, authority was conferred on municipal corporations “ to regulate or pi'Ohibit ale and porter shops and houses, and places for significant or habitual resort for tippling and intemperance.” (S. & O. 1500, sec. 25.) And by the municipal code of May 7, 1869, now in force, it is declared that all cities and incorporated villages shall have the power, and may, by ordinance, provide for its exercise (among other things), “ To regulate, restrain, and prohibit, ale, beer and porter-houses or shops; and houses and places of notorious or habitual resort for tippling or intemperance.” 66 O. L. 181, sec. 199.
1'Iere, then, is an express authority, given by statute, to the defendant in error, “ to pr-ohibit ale, beer and porter-houses or shops,” which necessarily includes the power to declare the keeping of such houses or shops to be unlawful; and this is neither moro nor less than what the ordinance in question assumes to do.
There can be no force in. the objection that the authority is to prohibit ale, beer and porter-houses or shops, while the ordinance extends to and prohibits also the keeping of a room where these articles are habitually sold. Such a room is clearly within the mischief intended to be prevented, and is a house or shop, within the meaning of the statute authorizing the prohibition. An ale, beer, or porter-house may be kept, although a part of the building in which it is kept may be used for other purposes.
Notwithstanding this apparent authority, expressly given by statute, to pass the ordinance in question, it is argued by counsel for plaintiff in error that this ordinance contravenes the general State policy clearly indicated by the “ act to provide against the evils resulting from the sale of intoxicating liquors in the State of Ohio,” passed May 1, 1854. S. & O. Stat. 1431. That act makes it unlawful for any person to sell, in any quantity, intoxicating liquors to be drunk upon or about the premises where sold, and declares all places where *314 intoxicating liquors are sold in violation, of the act, to be common nuisances, which shall be abated as such; but it is declared in the same act, that these provisions “ shall not extend to the sale of the wine manufactured of the pure juice of the grape cultivated in this State, or beer, ale, or cider.” It is argued that this general statute impliedly legalizes the sale of pure Ohio wine, of beer, ale, and cider; and that a municipal ordinance prohibiting their sale is against the policy of this statute, and therefore void. And we are referred, in support of this proposition, to the case of Thompson v. The City of Mount Vernon (11 Ohio St. 688), in which this court held an ordinance of that city to be void, because against the policy of this same general statute. It is said that the ordinance in that case was similar to the one now -before us; and that the authority given by the “ towns and cities ” act to which we have referred, was substantially the same as that found in the 199th section of the present municipal code. It is true that the power conferred by each of these statutes is substantially the same. Mount Vernon was authorized by the former statute “ to regulate or prohibit ale and porter shops and houses, and places for significant or habitual resort for tippling and intemperance.” McConnellsville was authorized by the municipal code “ to regulate, restrain, and prohibit ale, beer, and porter-houses or shops; and houses and places of notorious or habitual resort for tippling or intemperance.” But a reference to the case of Thompson v. The City of Mount Vernon, supra, will show that the ordinance there held to be invalid was quite unlike the one now under consideration. The Mount Vernon ordinance declared it to be unlawful for any person, within the limits of the city, to sell, give away, or suffer to be taken, any spirituous or intoxicating liquors, wine, cider over thirty days from the press, ale, porter, beer, or other fermented beverages of any kind or description whatsoever, in less quantity than one gallon at one time. ’ The authority in each case was to prohibit a certain class of houses, shops, or places, described by reference to their business character. The ordinance in the present case pursues the authority, by declaring the keeping of that class *315 of houses unlawful. But the Mount Yernon ordinance assumed to prohibit any single act of selling or giving intoxicating liquors, ale, porter, beer, etc., in less quantities than a gallon, without reference to the business character of the house or place where the sale or gift was made. No such power had been granted, and the court, adopting the principle stated in the case of the City of Canton v. Wist (9 Ohio St. 439), held that the city could not, without special authority, prohibit what the policy of a general statute of the State permitted.
But ever since the act of May 3,1852, municipal corporations have been expressly authorized to prohibit, within their limits, ale and porter shops and houses, and places of habitual resort for tippling and intemperance. 3 Curwen, 1842, see. 25. No declaration of legislative policy could be more clear and explicit, than that which authorizes such prohibition.
And it is no ground of objection to the validity of prohibitory ordinances, thus authorized, that the general laws of the State do not extend the prohibition to all parts of the State. Morality, and good order, the public convenience and welfare, may require many regulations in crowded cities and towns, which the more sparsely-settled portions of the country would find unnecessary. And it is for legislative discretion to determine, within the limitations of the constitution, to what extent city or town councils shall be invested with the power of local legislation

Judgment affirmed.

Welch, White, Day, and McIlvaine, JJ., concurred.